IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL ACTION NO. 2:06-0226**

**ANTHONY T. MARTIN**

<u>MEMORANDUM OPINION AND ORDER</u>

On February 27, 2007, the defendant appeared in person and by counsel, Matthew Victor, and the United States appeared by Monica Dillon, Assistant United States Attorney, for the purpose of considering defendant's pretrial motions in this matter (Doc. No. 43). For the following reasons, defendant's pretrial motions (Doc. No. 43) are **DENIED IN PART, GRANTED IN PART** and **HELD IN ABEYANCE IN PART**. Specifically, defendant's discovery requests Nos. (5) and (7)-(9) are **DENIED**; defendant's motion to exclude 404(b) evidence will be **HELD IN ABEYANCE** until trial; defendant's motion to dismiss the indictment is **DENIED**; defendant's motion to suppress his statements to Detective Wolfe is **DENIED**; and defendant's motion for leave to file additional motions if needed is **GRANTED**.

**I. Defendant's Motion for Additional Discovery**

After the parties resolved all but two of their discovery disputes, the court ruled on the remaining disputes. First, it held that based on the record, it did not have the authority to compel government witness Kimberly Bowling-Skeens to turn over

her medical records to defendant and advised defense counsel to file a motion if defendant still wanted access to those records. The court requested that defense counsel address the Health Insurance Portability and Accountability Act of 1996 (HIPAA) in any such motion. Second, the court denied defendant's discovery requests Nos. (7)-(9) on the basis that the information requested was beyond the scope of Rule 16. The court found that defendant could adequately present his selective prosecution defense by cross-examining the MDENT officer the government will call as a witness.

## II. Defendant's Motion to Exclude 404(b) Evidence

The court then proceeded to hear argument on defendant's motion to exclude all evidence falling under Rule 404(b) of the Federal Rules of Evidence. (Doc. No. 43 at 2-19.) The court held that it will reserve ruling on the admissibility of any 404(b) evidence until the trial and will judge admissibility of such evidence based on the context in which the government seeks to introduce it.

## III. Defendant's Motion to Dismiss Indictment for Prosecutorial Misconduct before Grand Jury

The court next heard argument on defendant's motion to dismiss the indictment for prosecutorial misconduct before the grand jury. (Doc. No. 43 at 19-23.) Defense counsel argued that the government's witnesses before the grand jury should only have addressed the events leading up to defendant's arrest on

September 26, 2006. (Doc. No. 43 at 20-22.) Instead, two of the government's witnesses had no knowledge of those events and testified to the fact that defendant has allegedly been a drug dealer for several years and that he is known to carry a gun. (Id. at 20-21.) A third witness who did testify about the events leading up to defendant's arrest also testified about his alleged history as a drug dealer. (Id. at 21.)

At least one Circuit has indicated that it is improper for prosecutors to introduce evidence of prior bad acts to a grand jury. See United States v. Hogan, 712 F.2d 757 (2d Cir. 1983). However, a defendant is entitled to dismissal of an indictment *only* where actual prejudice is established. United States v. Feurtado, 191 F.3d 420, 424 (4th Cir. 1999). Prejudice can "amount either to proof that the grand jury's decision to indict was substantially influenced, or that there is 'grave doubt' that the decision to indict was substantially influenced, by testimony which was inappropriately before it." Id. (citation omitted).

The court DENIED defendant's motion to dismiss the indictment, holding that the government's presentation of testimony concerning defendant's alleged prior bad acts did not rise to the level of prosecutorial misconduct. The court found that the purpose of the testimony was not to depict defendant as a bad person, but rather to infer his intent to distribute the drugs found in his possession on the day he was arrested.

Further, the court held that even if the testimony at issue was inappropriately before the grand jury, the defendant was not prejudiced by it, because the other testimony presented to the grand jury provided a basis for finding probable cause to indict the defendant.

### IV.  Defendant's Motion to Suppress Defendant's Statements to Detective Wolfe

Last, the court heard argument on defendant's motion to suppress defendant's statements to Detective Wolfe.  (Doc. No. 43 at 23.)  At the hearing, the parties stipulated that on the day of defendant's arrest, police officers initiated a felony traffic stop on defendant's vehicle after a cooperating individual arranged a drug purchase from defendant.  Police vehicles blocked in defendant's car at a Dairy Queen parking lot.  Police then removed defendant from the vehicle with weapons drawn and placed him in handcuffs, without giving him a Miranda warning.  Detective Mike Wolfe asked defendant if he had any drugs or weapons on him.  Defendant stated that there was a gun in the center console of his vehicle.  Detective Wolfe then asked if defendant had a concealed weapons permit.  It was only when defendant admitted that he did not have a concealed weapons permit that he was placed under arrest.

The court reserved ruling on this matter until it was able review the stipulated facts and the case law cited by counsel.  Having done so, the court now DENIES defendant's motion to

suppress (Doc. No. 43 at 23.)  Although defendant's arguments are not without merit, relevant case law suggests that defendant's statements regarding the location of the gun are admissible under the "public safety" exception to the requirement that a putative defendant be warned of his Miranda rights.

Miranda warnings are required when a subject is interrogated while in custody.  Miranda v. Arizona, 384 U.S. 436, 467-69 (1966).  The test for determining whether an individual is "in custody" for Miranda purposes is whether, under the totality of the circumstances, the "suspect's freedom of action is curtailed to a degree associated with formal arrest."  Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (internal quotation omitted).

Under the public safety exception to the Miranda requirement, an officer's questioning of a suspect before giving a Miranda warning is acceptable if it relates "to an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon."  New York v. Quarles, 467 U.S. 649, 659 n.8 (1984).  In recognizing this exception, the Court noted that the purpose behind such questioning should not primarily be to further the investigation. Id.; United States v. Mobley, 40 F.3d 688, 693 (4th Cir. 1994) ("Absent such circumstances posing an objective danger to the public or police, the need for the exception is not apparent, and the suspicion that the questioner is on a fishing expedition

outweighs the belief that public safety motivated the questioning that all understand is otherwise improper.")

In an unpublished opinion, the Fourth Circuit upheld the admission of a defendant's statements under the public safety exception, when the defendant was first handcuffed while his residence was searched and then asked about the presence of guns or drugs.  United States v. Thomas, No. 02-4728, 2003 WL 22332270 at *2 (4th Cir. Oct. 14, 2003) (unpublished opinion); Brief for Appellant at 5, United States v. Thomas, No. 02-4728, 2003 WL 22332270 (4th Cir. Oct. 14, 2003) (unpublished opinion); see also United States v. Coleman, No. 97-4078, 1999 WL 147262 at *2 (4th Cir. March 18, 1999) (unpublished opinion) (holding that public safety exception applied when arresting officer asked defendant whether he had a gun in the car he had been driving before his arrest, after defendant was already secured in the officer's vehicle).

In United States v. Edwards, 885 F.2d 377, 384 (7th Cir. 1989), the Seventh Circuit held in a case that involved facts similar to those before this court that a defendant's response to a police officer's question of whether he had gun was admissible. In Edwards, police officers acted on a tip from a confidential informant and approached defendant's vehicle in a restaurant parking lot, removing the defendant from the vehicle, and handcuffing him.  Id. at 380.  Without reading the Miranda

-6-

warning, an officer asked the defendant if he had a gun.  <u>Id.</u> The Seventh Circuit held that the defendant's response to this question was admissible under the public safety exception.  <u>Id.</u> at 384.

Having reviewed the applicable law, the court finds that even if defendant was in custody when Detective Wolfe asked him whether he had any drugs or weapons on him, defendant's statements regarding the location of the gun are admissible under the public safety exception.  Because drug dealers are known to arm themselves when making a sale, it was appropriate under the circumstances for Detective Wolfe to determine whether defendant had a weapon that might pose a threat to the officers or to the public.  <u>See</u> <u>Edwards</u>, 885 F.2d at 384.  As in <u>Edwards</u>, the arrest took place in a public area, the parking lot of a restaurant, a factor that put the public at particular risk.  <u>Id.</u> at 384 n.4; <u>see also</u> <u>Coleman</u>, 1999 WL 147262 at *2 (considering the fact that defendant had a history of violence and that the arrest took place in a public area in determining that the public safety exception applied).  Therefore, defendant's motion to suppress his statements to Detective Wolfe (Doc. No. 43 at 23) must be DENIED.

**V.  Defendant's Motion for Leave to File Additional Motions**

Defendant's motion for leave to file additional motions in response to any additional discovery provided by the government

-7-

is GRANTED. The government presented no objections to defendant's motion (Doc. No. 45 at 13-14).

### VI. Conclusion

For the foregoing reasons, defendant's pretrial motions (Doc. No. 43) are **DENIED IN PART, GRANTED IN PART** and **HELD IN ABEYANCE IN PART**. Specifically, defendant's discovery requests Nos. (5) and (7)-(9) are **DENIED**; defendant's motion to exclude 404(b) evidence will be **HELD IN ABEYANCE** until trial; defendant's motion to dismiss the indictment is **DENIED**; defendant's motion to suppress his statements to Detective Wolfe is **DENIED**; and defendant's motion for leave to file additional motions if needed is **GRANTED**. (Doc. No. 43.)

The Clerk is directed to send a copy of this Order to counsel of record, the Probation Office of this court, and the United States Marshal for the Southern District of West Virginia.

It is SO ORDERED this 9th day of March, 2007.

ENTER:

David A. Faber
Chief Judge